AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

FILED
SEP 1 1 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

| | |
|---|---|
| United States of America<br>v.<br><br>JERALD ESTHER WILLIAMS<br><br>*Defendant(s)* | Case No.<br><br>1: 19 MJ 0 0 1 7 5  SKO |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 15, 2019__ in the county of __Fresno__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

PENALTIES:  Up to 10 years imprisonment;
Up to $250,000 fine; both fine and imprisonment;
Up to 3 years supervised release;
$100 special assessment

This criminal complaint is based on these facts:

(see attachment)

☒  Continued on the attached sheet.

_____
*Complainant's signature*

Jeremy Hudson, Deportation Officer/TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __September 10, 2019__

_____
*Judge's signature*

City and state:  Fresno, CA

Sheila K. Oberto, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>           v.<br><br>JERALD ESTHER WILLIAMS,<br><br>                     Defendant. | CASE NO.<br><br>AFFIDAVIT OF DEPORTATION OFFICER JEREMY HUDSON |

### I.    INTRODUCTION

1. This Affidavit is in support of an arrest warrant for Jerald Esther WILLIAMS (hereinafter WILLIAMS) for violations of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm.

2. The information contained in this Affidavit is based upon my personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents.

3. As stated further in this Affidavit, law enforcement officers have gathered evidence to support probable cause that WILLIAMS unlawfully possessed a Rock Island Armory 1911, no visible serial number.

### II.    AFFIANT'S BACKGROUND

4. I am a Deportation Officer (DO) with the Immigration and customs Enforcement (ICE), United States Department of Homeland Security, and I have been employed since April of 2017. I am currently assigned to Homeland Security Investigations, the Office of the Resident Agent in Charge, Fresno, California (HSI Fresno) as a Task Force Officer (TFO). Prior to my employment as a DO, I was employed with the United States Border Patrol (USBP) as a Border Patrol Agent. I entered on duty with

*[handwritten insertion:] Your affiant has received special deputation by HSI which empowers me to conduct investigations of, and to make arrests for, offenses listed in Title 18 and 21 of the United States Code.*

COMPLAINT AFFIDAVIT

USBP in February of 2009. I completed twenty-two weeks of training at the Federal Law Enforcement Training Center (FLETC) in Artesia, New Mexico. The FLTEC training consisted of Immigration and Naturalization law, Title 18 of the United State code, Title 21 of the United States code, and cross-training in Title 19 of the United States code. While employed with the USBP, I was assigned to the Chula Vista Intelligence Division (CVID), Smuggling Interdiction Group (SIG) and Sector Intelligence. CVID and SIG were tasked with investigating, arresting, and prosecuting individuals involved in human and narcotics smuggling. CVID and SIG Agents also investigated maritime and bulk cash smuggling organizations that utilize, via land or sea, the Southern and Central Districts of California as an operational corridor. CVID and SIG were primarily tasked with investigating assaults on federal officers, theft and damage of sensitive government equipment, escapes from federal custody, and an assortment of other state and federal offenses to include firearms, such as firearms trafficking, dealing firearms without a license, and illegal aliens in possession of firearms.

5. During the course of my employment as a sworn Federal Officer, I have investigated, and assisted in the investigation of criminal violations relating to firearms and/or narcotics, including Title 18 U.S.C. Section 922(a)(1)(A) - dealing firearms without a license; Title 18 U.S.C. Section 922(g)(1)- felon in possession of a firearm; Title 18 U.S.C. Section 922(g)(5) - illegal alien in possession of a firearm; and Title 21 U.S.C. Section 841(a)(1) - possession with intent to manufacture, distribute, or dispense a controlled substance. During these investigations, I have participated in and utilized the following investigative tools: conducting physical surveillance; interviewing suspects; writing affidavits for and executing arrest warrants; analyzing phone records obtained from pen registers, trap and trace devices, and physical devices; and collecting and processing evidence.

### III.     PROBABLE CAUSE

6. According to reports from the Fresno Police Department (FPD)[1], on August 15, 2019, at approximately 12:47 am, Fresno police officers assigned to the Central Policing District were driving northbound on Freeway 41 just south of the Ashlan Ave Exit. Officer Edward Didonna (P1703) and

---

1. All facts contained herein were taken from Fresno Police Department reports unless otherwise noted.

COMPLAINT AFFIDAVIT                                  2

Officer Trenton Bacus (P1915) observed a blue vehicle bearing California plate 7XBK118 driving at a high rate of speed. Officer Didonna got behind the vehicle and was able to see that the speedometer in his patrol vehicle read 97MPH and the vehicle (CA/7XBK118) was still pulling away from him. A traffic stop was initiated on the vehicle on Freeway 41/Shaw Ave.

7. The vehicle exited the northbound Freeway 41 at the Shaw Ave exit and pulled over on Shaw Ave, just east of Freeway 41. Officer Didonna approached the vehicle on the driver side and contacted the driver of the vehicle, who was also the solo occupant of the vehicle. The driver identified himself to Officer Didonna as, Jerald WILLIAMS (Jerald Esther WILLIAMS-5/12/1997). While speaking to WILLIAMS, Officer Didonna asked if there were any drugs or weapons in the vehicle and WILLIAMS stated there were no weapons nor drugs in the vehicle. Officer Didonna asked WILLIAMS if he was on probation and WILLIAMS advised Officer Didonna that he was in fact on probation. Officer Didonna observed WILLIAMS to be nervous as he was shaking, stuttering and kept wanting to call someone from his cell phone. Officer Didonna conducted record checks on WILLIAMS and discovered that he was on Post Release Community Supervision (PRCS) with terms of Probation that states WILLIAMS is open to search and seize.

8. Officer Didonna re-approached the vehicle and observed WILLIAMS on his cell phone and heard him telling someone to come to the traffic stop. Officer Didonna told WILLIAMS to get off his phone and to not tell anyone to come to the traffic stop, but he refused to comply. Officer Didonna took WILLIAMS phone away and opened the door so WILLIAMS could exit the vehicle so a probation search of the vehicle could take place. As Officer Didonna opened the driver door, Officer Didonna noticed the silver and black handle of a handgun on the driver floorboard, next to the heel of WILLIAMS left foot. WILLIAMS was taken out of the vehicle and placed into custody without incident.

9. While WILLIAMS was in the back seat of the patrol vehicle, he stated that he wanted to speak with Officer Didonna. Officer Didonna read him his Miranda Rights from his department issued Miranda Card. Officer Didonna asked if WILLIAMS understood his rights and WILLIAMS stated, "Yes sir." Officer Didonna asked WILLIAMS if he would like to speak with him and WILLIAMS stated,

COMPLAINT AFFIDAVIT                        3

"Yes sir." While Officer Didonna was speaking with WILLIAMS, he was able to provide the following statement.

10. WILLIAMS stated that he had been shot approximately two months ago and that today (August 14/15, 2019) he got the firearm from a friend so he could have it for protection. WILLIAMS stated that he did not pay anything for the gun as it was just given to him.

11. Prior to touching the firearm, Officer Bacus took photos of the firearm in the vehicle where it was observed by WILLIAMS feet. The photos that Officer Bacus took were attached to the police report. Officer Bacus cleared the weapon and found that it was loaded with eight 9mm rounds, with one in the chamber and the hammer cocked back on the firearm. The firearm was a Rock Island Armory 1911 Series handgun. Officer Bacus and Didonna checked the firearm but were unable to locate a serial number and were unable to run the firearm to see if it was stolen. Officer Bacus booked the firearm and the ammunition into the HQ Property Room.

12. Officer Didonna contacted Probation Officer E. Contreras (#555) and advised her of the case and she violated WILLIAMS PCRS. Traffic Officer Tarakjian responded to the traffic stop and towed the vehicle.

13. WILLIAMS was booked into Fresno County Jail where the Crime Scene Investigation Section collected two DNA buccal swabs from the inner cheek lining of WILLIAMS.

14. On September 5, 2019, ATF Special Agent Brad Dickey, who has specialized training in the manufacture, origin and identification of firearms and ammunition, stated that the F. C. 9mm Lugar ammunition was not manufactured in the state of California, and therefore, traveled in and affected interstate commerce. SA Dickey made this determination by viewing photographs provided by Agent Jeremy Hudson and not by viewing the actual items of evidence.

15. On or about May 10, 2016 WILLIAMS was convicted in the County of Fresno Case number F16902213, of Assault by means likely to produce great bodily injury in violation of California Penal Code 245(a)(4). WILLIAMS was sentenced to two years in prison. WILLIAMS was also convicted of corporal injury to spouse, in a dating relationship in violation of California Penal Code 273.5(a). WILLIAMS was sentenced to one year in jail. On or about June 10, 2016 Fresno County Probation

imposed terms and conditions for WILLIAMS to include "not to possess or control any dangerous or deadly weapons including firearms and ammunition".

### IV. CONCLUSION

16. The above facts set forth probable cause to believe that Jerald Esther WILLIAMS violated Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm. I request that an arrest warrant be issued for WILLIAMS for this violation.

_____
Jeremy Hudson
Deportation Officer
Task Force Officer, Homeland Security
Investigations, Dept. Of Homeland Security

Sworn to and subscribed before me this  10th  day of September, 2019

_____
HON. SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE

Reviewed as to form by:

/s/ Laurel J. Montoya
LAUREL J. MONTOYA
Assistant U.S. Attorney

COMPLAINT AFFIDAVIT                 5