1  MCGREGOR W. SCOTT
United States Attorney
2  LAUREL J. MONTOYA
Assistant United States Attorney
3  Robert E. Coyle Federal Courthouse
2500 Tulare Street
4  Fresno, CA 93721

5  (559) 497-4000

6  Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                    CASE NO.  1:19-CR-00209-DAD-BAM

12                          Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                                 TIME PERIODS UNDER SPEEDY TRIAL ACT;
13                  v.                           FINDINGS AND ORDER

14  JERALD ESTHER WILLIAMS,                      DATE: July 20, 2020
                                                 TIME: 9:00 a.m.
15                          Defendant.           COURT: Hon. Dale A. Drozd

16

17         This case is set for change of plea on July 20, 2020.  This Court issued General Order 611, which

18  suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

19  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern

20  District of California scheduled to commence before June 15, 2020, and allows district judges to

21  continue all criminal matters to a date after June 1.  On May 13, 2020, this Court issued General Order

22  618, which suspends all jury trials in the Eastern District of California until further order of the Court.

23  This and previous General Orders were entered to address public health concerns related to COVID-19.

24         Although the General Order addresses the district-wide health concern, the Supreme Court has

25  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

26  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

27  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

28  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1    at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

2    judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

3    orally or in writing").

4         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

5    and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances

6    are excludable only if "the judge granted such continuance on the basis of his findings that the ends of

7    justice served by taking such action outweigh the best interest of the public and the defendant in a

8    speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets

9    forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice

10   served by the granting of such continuance outweigh the best interests of the public and the defendant in

11   a speedy trial."  *Id.*

12        The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

13   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

14   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

15   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

16   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

17   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

18   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

19   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

20   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

21        In light of the societal context created by the foregoing, this Court should consider the following

22   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

23   justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date

24   for the change of plea hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

25   pretrial continuance must be "specifically limited in time").

26                                          **STIPULATION**

27        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

28   through defendant's counsel of record, hereby stipulate as follows:

2

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1    1.        By previous order, this matter was set for change of plea on July 20, 2020.

2    2.        By this stipulation, defendant now moves to continue the change of plea hearing until

3    August 3, 2020, and to exclude time between July 20, 2020, and August 3, 2020, under Local Code T4.

4    3.        The parties agree and stipulate, and request that the Court find the following:

5          a)        The government has represented that the discovery associated with this case has

6    been either produced directly to counsel and/or made available for inspection and copying.

7          b)        A plea agreement has been provided to the defendant and parties understand that

8    the agreement has been signed.  The plea agreement has been mailed from the Fresno County

9    Jail but it has not been received as of this date.

10         c)        Counsel for defendant desires additional time to discuss a counter offer with the

11   government and her client.

12         d)        The defendant agrees and stipulates that time should be excluded for the

13   aforementioned reasons.

14         e)        Counsel for defendant believes that failure to grant the above-requested

15   continuance would deny him/her the reasonable time necessary for effective preparation, taking

16   into account the exercise of due diligence.

17         f)        The government does not object to the continuance.

18         g)        In addition to the public health concerns cited by General Order 611 and

19   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

20   this case because Counsel or other relevant individuals have been encouraged to telework and

21   minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

22   contact should the hearing proceed.

23         h)        Based on the above-stated findings, the ends of justice served by continuing the

24   case as requested outweigh the interest of the public and the defendant in a trial within the

25   original date prescribed by the Speedy Trial Act.

26         i)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

27   et seq., within which trial must commence, the time period of July 20, 2020 to August 3, 2020,

28   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1   because it results from a continuance granted by the Court at defendant's request on the basis of

2       the Court's finding that the ends of justice served by taking such action outweigh the best interest

3       of the public and the defendant in a speedy trial.

4       4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

5   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

6   must commence.

7       IT IS SO STIPULATED.

8

9    Dated:  July 15, 2020                                          McGREGOR W. SCOTT
                                                                   United States Attorney

10

11                                                                 /s/ LAUREL J. MONTOYA
                                                                   LAUREL J. MONTOYA
                                                                   Assistant United States Attorney

12

13

14    Dated:  July 15, 2020                                        /s/ MELISSA BALOIAN
                                                                   MELISSA BALOIAN
15                                                                 Counsel for Defendant
                                                                   JERALD ESTHER WILLIAMS

16

17

18                              **FINDINGS AND ORDER**

19

20  IT IS SO ORDERED.

21    Dated:   **July 16, 2020**                  _____
                                                  Dale A. Drozd
22                                                UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT